UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRICIA GLASS,

    Plaintiff,

v.                                          Case No:   2:18-cv-631-FtM-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Tricia D. Glass seeks judicial review of the final decision of the Commissioner of Social Security Administration ("SSA") denying her claim for a period of disability and disability benefits and supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a Joint Memorandum (Doc. 31) and a Joint Supplemental Memorandum (Doc. 33). For the reasons set forth herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 405(g) of the codified Social Security Act, 42 U.S.C. § 301 *et seq*.

## I.    Social Security Act Eligibility and the ALJ Decision

### A.    Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant

unable to do his previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.

### B. Procedural history

Plaintiff applied for a period of disability and disability insurance benefits and for supplemental security income ("SSI") on November 12, 2015 and February 26, 2016, respectively. (Tr. at 35, 99, and 193). In both applications, Plaintiff asserted an onset date of disability of July 19, 2014. (*Id.* at 99). The claims were denied initially on February 5, 2016 and on reconsideration on September 14, 2016. (*Id.* at 35-36). Administrative Law Judge William G. Reamon ("ALJ") held a hearing on November 28, 2017 (*Id.* at 598-660) and issued an unfavorable decision on March 21, 2018 (*Id.* at 16-33). On July 25, 2018, the Appeals Council denied Plaintiff's request for review. (*Id.* at 10-12). Thus, the ALJ's decision is the final decision. Plaintiff filed a Complaint in this Court on September 20, 2018, and the case is ripe for review. (Doc. 1). The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 21).

### C. Summary of the ALJ's decision

An ALJ must perform a five-step sequential evaluation to determine if a claimant is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five-step process determines whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant

work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof and persuasion through step four and then the burden of proof shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

Here, the ALJ found that Plaintiff met the insured status requirements through March 31, 2015. (Tr. at 22). At step one of the evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of July 19, 2014. (Tr. at 22). At step two, the ALJ determined that since the alleged onset date of July 19, 2014, Plaintiff had the following severe impairments: "an anxiety disorder, an affective disorder, and borderline intellectual functioning (20 §§ C.F.R. 404.1520(c) and 416.920(c))." (*Id.*). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 § C.F.R. Part 404, Subpart P, Appendix 1 (20 §§ C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (*Id.*).

At step four, the ALJ determined the following as to Plaintiff's RFC:

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant should avoid concentration exposure to pulmonary irritants. She can perform work up to SVP[1] 2 levels, and she can tolerate occasional general public interaction and occasional supervisor interaction.

(Tr. at 25).

---

[1] "SVP" refers to Specific Vocational Preparation and indicates the amount of time required for a typical claimant to learn the techniques, acquire the information, and develop the facility needed for average performance in a job. POMS DI § 25001.001 (A) (77).

Considering Plaintiff's age, education, work experience, and RFC, the ALJ found Plaintiff could not perform any of her past relevant work. (*Id.* at 31). The vocational expert testified that an individual with Plaintiff's age, education, work experience, and RFC could perform the requirements of representative jobs such as: (1) router, DOT[2] #222.587-038; (2) collator operator, DOT #208.685-010; and (3) marker II, DOT #920.687-126. (*Id.* at 656-658). Thus, at step five, relying on the testimony of the vocational expert, the ALJ found Plaintiff was not under a disability from July 19, 2014 through the date of decision. (*Id.* at 33).

## II. Analysis

### A. Standard of review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—that is, the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### B. Whether the ALJ properly analyzed Plaintiff's limitations as a result of her anxiety disorder and alleged panic attacks.

Plaintiff raises one issue on appeal: whether the ALJ properly analyzed the claimant's limitations as a result of her anxiety disorder and alleged panic attacks. (Doc. 31 at 11-13). Plaintiff argues the ALJ failed to address whether Plaintiff would be off task or absent from work when experiencing a panic attack, and whether this would preclude her from sustaining work activity over a vocationally relevant period. (Doc. 31 at 12). Plaintiff argues that the ALJ's RFC does not account for the limitations that purportedly arise from the frequency and duration of Plaintiff's panic attacks. Specifically, Plaintiff asserts: "The issue is not her mental residual functional capacity most of the time. The issue is her mental residual functional capacity when she experiences a panic attack, and the frequency and duration of her symptoms." (*Id*. at 13). The Commissioner contends the RFC accounted for Plaintiff's mental limitations, including her anxiety disorder. (*Id*.).

In formulating Plaintiff's RFC, the ALJ afforded great weight to a consultative examining doctor – "Dr. Kibria." (Tr. at 343-344). Specifically, the ALJ concluded:

> The consultative examination at Exhibit 32F is assigned great weight. While Dr. Kibria offered no specific residual functional capacity, the absolutely negative physical and

> neurological examination findings are supportive of the residual functional capacity. The undersigned notes Dr. Kibria's observation that the claimant did appear anxious.

(Tr. at 30). Based on this finding, it appears the ALJ relied on Dr. Kibria's assessment as to Plaintiff's neurological examination findings.

However, while the examination notes are on the letterhead of board-certified neurologist Dr. Eshan M. Kibria, it appears that the examination was conducted by, and the notes reflect the findings of, Sean M. Kibria, D.P.M – a podiatrist. Although not an issue raised by either party, the Court required the parties to supplement the Joint Memorandum with their positions on whether this detail affected the issue. The parties filed a Joint Supplemental Brief (Doc. 33) on February 25, 2020.

In the Supplemental Memorandum, Plaintiff argues the Social Security Regulations recognize licensed podiatrists as an acceptable medical source for impairments of the foot, or foot and ankle only, depending on whether the state in which the podiatrist practices permits the practice of podiatry on the foot only or the foot and ankle. (Doc. 33 at 2); 20 C.F.R. §§ 404.1502, 404.1513, 416.902, and 416.913. Plaintiff contends that while a qualified medical source may use support staff to help perform a consultative exam, that person must meet appropriate licensing or certification requirements of the state. And here, the entire examination was performed by a person who was not an acceptable medical source to form medical opinions beyond the foot and ankle. As a result, Plaintiff argues the consultative examination by the podiatrist should be afforded no weight.

Buttressing Plaintiff's critique, the Commissioner concedes the consultative exam report did not include an opinion about Plaintiff's limitations. Rather, the Commissioner argues the podiatrist noted that Plaintiff reported anxiety as a symptom and presented as

anxious and that the ALJ accounted for it in the RFC assessment. Further, the Commissioner contends substantial evidence supports the ALJ's RFC determination and Plaintiff failed to prove any harmful error.

The Court agrees with Plaintiff. The ALJ specifically considered and afforded great weight to "Dr. Kibria's" consultative exam. When weighing medical opinions, an ALJ must consider many factors. 20 C.F.R. § 404.1527(c). "For instance, the Social Security regulations command that the ALJ consider (1) the examining relationship; (2) the treatment relationship, including the length and nature of the treatment relationship; (3) whether the medical opinion is amply supported by relevant evidence; (4) whether an opinion is consistent with the record as a whole; and (5) the doctor's specialization." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1260 (11th Cir. 2019) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987)). One criterion is the doctor's specialization. And, it is impossible to determine whether the ALJ considered the identity and qualifications of the practitioner who actually performed the consultative exam and whether this affected the ALJ's decision. It appears the ALJ erroneously relied on Sean Kibria, D.P.M. as a qualified medical source, even though Sean Kibria is a podiatrist limited as an acceptable medical source for impairments of the foot and ankle. This was not harmless error. With Dr. Kibria, the podiatrist, receiving great weight, and no other examining physician receiving great weight, the Court finds that substantial evidence does not support the ALJ's decision. Remand is necessary to make further inquiry.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds substantial evidence does not support the ALJ's decision.

Accordingly, it is hereby **ORDERED**:

1. The Commissioner's decision is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider: (1) the consultative exam performed by Sean M. Kibria, D.P.M. and (2) conduct any further proceedings deemed appropriate.

2. If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

3. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 25, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record