UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TRICIA GLASS,

    Plaintiff,

v.                                      Case No. 2:18-cv-631-FtM-NPM[1]

COMMISSIONER OF SOCIAL SECURITY

    Defendant.

## ORDER

Before the Court is Plaintiff's Petition for Attorney Fees (Doc. 36). Plaintiff represents the motion is unopposed. (*Id.*, p. 2). The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 21). For the reasons below, the Court grants the Petition for Attorney Fees (Doc. 36).

On March 25, 2020, the Court entered an Opinion and Order reversing and remanding this action to the Commissioner to reconsider: "(1) the consultative exam performed by Sean M. Kibria, D.P.M.; and (2) conduct any further proceedings deemed appropriate." (Doc. 34, p. 8). Thus, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Plaintiff filed a request for an award of $4,393.35 in attorney's fees. (Doc. 36, p. 1).[2]

---

[1] The Court notes the case number on the Petition is incorrect, but the caption of the case is correct.

[2] Without explanation in the Petition, Plaintiff lists two amounts for attorney fees, $4,393.35 and $4,393.50. (*See* Doc. 36, pp. 1, 5, 6, ($4,393.35); Doc. 36, pp. 2 ($4,393.50)). Based on the lack of explanation, the Court awards the lower amount.

In order for Plaintiff to receive an award of fees under EAJA, 28 U.S.C. § 2412, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The Commissioner does not contest that Plaintiff meets the requirements under EAJA. (Doc. 35, p. 2). Upon consideration, the Court finds that all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). The Court determines that after review of the services provided, 22.50 hours expended by attorney Michael A. Steinberg are reasonable here. (*See* Doc. 36-1, p. 1).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determination of the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined

according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff requests the hourly rate of $195.26 for the years 2018 and 2019. (Doc. 36, p. 2). The Court finds this hourly rate appropriate.

The Court therefore determines an award of $4,393.35 in attorney fees for 22.50 hours of work is reasonable.

Plaintiff filed an Assignment of EAJA Fees form. (Doc. 36-2). This form provides, "[i]f a court orders the government to pay me attorney fees I assign the fees to be paid to [counsel] directly." (*Id.*). Thus, the Court will allow the fees to be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

Accordingly, it is hereby **ORDERED**:

1) The Petition for Attorney Fees (Doc. 36) is **GRANTED** and the Court awards $4,393.35 in attorney's fees.

2) These fees may be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff Tricia Glass.

3) The Clerk of Court is directed to enter an amended judgment.

**DONE** and **ORDERED** in Fort Myers, Florida on June 25, 2020.

*/s/ Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE